IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**BROOKE FERRER,**

    **Plaintiff,**

v.                                                   Case No.: 2:12-cv-04591

**ETHICON, INC., et al,**

    **Defendants.**

## ORDER

Pending before the Court are Plaintiff's Motion to Quash Subpoena or in the Alternative Motion for Protective Order, (ECF No. 89). The issue in dispute is whether the Plaintiff's expert witness is required to comply with a subpoena seeking documents related to the expert's income from participation in pelvic mesh cases. Plaintiff argues that making the expert collect such information is unduly burdensome in view of the breadth and relevance of the materials. In contrast, Defendants contend that the documents sought are highly relevant to the expert's bias and should not be overly difficult to collect.

In the court's view, there is no legitimate argument that this type of information is irrelevant. *See Bilenky v. Ryobi, LTD.*, No. 2:13cv345, 2014 WL 12591078, at *3 (E.D. Va. Oct. 22, 2014) (collecting cases that explain the role of bias in determining the credibility of a witness). To the contrary, many courts have agreed that an expert's financial gain from testifying in a particular type of case, or on behalf of a specific law firm or party, is relevant to credibility and is appropriate subject matter for impeachment. *See e.g. Behler v. Hanlon*, 199 F.R.D. 553, 561 (D. Md. 2001); *Fox v. Gen. Motors LLC*, No. 1:17-CV-209-

MHC, 2019 WL 3503754, at *2 (N.D. Ga. Jan. 18, 2019); *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-CV-4161, 2017 WL 5478297, at *5 (N.D. Ill. Nov. 15, 2017); *Olson v. State Farm Fire & Cas. Co.,* No. C14-0786RSM, 2015 WL 753501, at *2 (W.D. Wash. Feb. 23, 2015); *First Choice Armor & Equip. Inc. v. Toyota Am., Inc.,* 273 F.R.D. 360, 361 (D. Mass. 2011); Campos v. MTD Products, Inc., No. 2:07-0029, 2009 WL 920337, at *4-5 (M.D. Tenn. Apr. 1, 2009). However, there is some disagreement as to what, and how much, **documentary** evidence an expert should be expected to produce in addition to his or her testimony on the subject.

Having reviewed the relevant case law, and after hearing from counsel, the undersigned finds that requiring Plaintiff's expert witness to collect and produce basic documentation reflecting the expert's income from acting as an expert witness in pelvic mesh cases is both reasonable and not unduly burdensome. Therefore, Plaintiff's Motion to Quash Subpoena or in the Alternative Motion for Protective Order, (ECF No. 89), is **DENIED**. Dr. Steven Berliner is hereby **ORDERED** to produce to Defendants within **thirty days** of the date of this Order all invoices and payment documents related to his services rendered in generating a report or testifying as an expert witness in any pelvic mesh case during the past five years. At a minimum, the documents should demonstrate the party on whose behalf Dr. Berliner acted, the name of the lawyer or law firm that retained Dr. Berliner, the rate charged, the total amount billed, and the amount of any payment made to Dr. Berliner. Dr. Berliner may redact other portions of the invoices, such as daily entries, that reveal attorney work product or privileged information. To the extent Dr. Berliner served as an expert witness in cases, but cannot locate invoices or payment information, he shall provide Defendants with a list of those cases, including the case style, the name of the law firm that retained him, and the dates of the expert services.

The Clerk is directed to provide a copy of this Order to counsel of record. Counsel for Plaintiff shall provide a copy of the Order to Dr. Berliner.

**ENTERED:** November 7, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge